**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WAKEITHA M. BELL,                                    Case No. 1:23-cv-212

     Plaintiff,                                          McFarland, J.
                                                     Bowman, M.J.
     v.

MERCY HOSPITAL, et al.,

     Defendants.


**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Wakeitha M. Bell has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The same order grants her motion to amend/correct her complaint. As amended, the complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the

defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II.  Analysis

Prior to addressing the above-captioned case, the undersigned takes judicial notice that the same Plaintiff recently filed two other complaints in this Court. *See* Case Nos. 1:23-cv-168-DRC-SKB and 1:23-cv-177-JPH-SKB. On April 11, 2023, the undersigned filed separate R&Rs in each of those cases that recommend that both be dismissed upon initial screening for failure to state a claim. Plaintiff recently filed objections to the R&Rs, which remain pending before U.S. District Judges Cole and Hopkins, respectively.

### A. Plaintiff's Claim in this Case

In this case, the complaint as amended identifies Mercy Hospital as the Defendant.[1] Plaintiff alleges that Defendant has violated her civil rights "under color of

---

[1]Plaintiff's original complaint identified two additional "Jane Doe" Defendants: (1) "the registrar at Front Desk [on] April 14, 2023" and (2) the "Manager of Mercy Hospital." (Doc. 1-1 at 1, PageID 4). However, on April 24, 2023, Plaintiff filed a motion to amend/correct, in which she objects to the use of "et al." in reference to the additional "Jane Doe" Defendants. Plaintiff's motion, which has been granted by separate order, clarifies that she is suing "just Mercy Hospital." (Doc. 2 at 1, PageID 14).

State law." (Doc. 1-1 at 2, PageID 5).  A handwritten "Statement of Claim" on the standard form used by pro se litigants states in relevant part:

> On April 14 2023 I went to mercy hospital to the emergency dept. and had my rights violated and deprived. They asked me to sign electric keypad and said I was signing a "consent to treat". I called for the man[a]ger and had them print out what I asked for when she did it was a Foreign document unknown to the hospital under false claims of my health. The paper did not have the mercy health logo on it. It said "Bons secours" on top. It was fake. I revoked my signature because of lack of full disclosure of whatever this paper was. I posted it online. No one recognizes it. So this is considered deprivation and fraud attempt.

(Doc. 1-1 at 3, PageID 6). As relief, Plaintiff's complaint states: "They used this paper and color of law to violate my rights, deprive me of much needed treatment and surgery, and violated emtala [sic]. Which they tried to deny me of." (*Id.* at 4, PageID 7).

After careful review, the undersigned concludes that Plaintiff's most recent complaint, whether considered in its original form or as amended, fails to state a claim upon which relief may be granted in this federal court. On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible claim against either Mercy Hospital or any other potential individual defendant.[2] The applicable civil rights statute, 42 U.S.C. §1983, requires Plaintiff to allege sufficient facts to show that a defendant, while operating under the color of state law, deprived her of a right secured by the Constitution or laws of the United States. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729 (1978); *see Sumpter v. Wayne County*, 868 F.3d 473, 494 (6th Cir. 2017). Here, although Plaintiff appears to be seeking redress for undefined violations of her civil rights, she includes no facts that would suggest that Mercy Hospital operates under "color of state law" or as a state actor that would be subject to

---

[2]The same analysis applies whether or not the Court considers the "Jane Doe" employees of Mercy Hospital who were identified as individual Defendants in the original complaint.

liability under 42 U.S.C. § 1983. Instead, the scant facts that Plaintiff includes in her complaint suggest, at most, some type of tort claim under state law rather than a violation of any federal right. Therefore, Plaintiff fails to state any viable claim under federal law. Because the complaint fails to state a claim upon which relief may be granted, it should be dismissed under 28 U.S.C. §1915(e)(2)(B). *Accord Modeste v. Good Samaritan Hospital*, Case No. 3:18-cv-00120, 2018 WL 1993570, at *2 (S.D. Ohio Apr. 27, 2018).

### B.  Plaintiff's Repeated Attempts to File Legally Frivolous Cases

The above-captioned case is the third case filed by the same individual that the undersigned recently has screened out under 28 U.S.C. § 1915(e)(2)(B). The undersigned previously included the following footnote in the R&Rs that recommended dismissal of Plaintiff's first two cases:

> Without prejudging the validity of any future lawsuits that Plaintiff may seek to file, the Court advises Plaintiff that litigants who repeatedly file lawsuits that are dismissed as legally frivolous may find themselves subject to pre-filing restrictions. *See generally*, *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir.1998)); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987) (recognizing that a federal court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions.").

(*See*, *e.g.*, Case No. 1:23-cv-168-DRC-SKB, Doc. 8 at 3, n.1). Exactly one week after the undersigned filed the R&Rs with that footnote, Plaintiff initiated this case. Because this is the third legally frivolous case filed by Plaintiff *in forma pauperis* in less than a month, it is appropriate to issue a clear and direct warning to Plaintiff that the filing of any additional legally frivolous cases are likely to subject her to sanctions or pre-filing restrictions as a vexatious litigator.

### III. Conclusion and Recommendation

Plaintiff's allegations lack sufficient factual detail to state any plausible claim against any Defendant. Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*;

3. Because the above-captioned case constitutes the third case initiated by Plaintiff *in forma pauperis* as to which dismissal with prejudice has been recommended for failure to state a claim under 28 U.S.C. § 1915(e)(2), Plaintiff should be expressly warned that if she files additional cases subject to summary dismissal on initial screening, she is likely to be deemed to be a vexatious litigator and may be subjected to sanctions and/or pre-filing restrictions.

  *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WAKEITHA M. BELL,                                      Case No. 1:23-cv-212

    Plaintiff,                                         McFarland, J.
                                                       Bowman, M.J.
    v.

MERCY HOSPITAL, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7