**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WAKEITHA M. BELL,                                          Case No. 1:23-cv-212

     Plaintiff,                                               McFarland, J.
                                                          Bowman, M.J.
     v.

MERCY HOSPITAL, et al.,

     Defendants.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On May 1, 2023, the Court granted leave to Plaintiff Wakeitha M. Bell to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directed her complaint to be filed as amended or corrected. On the same date, the undersigned filed a Report and Recommendation ("R&R") that recommends that the above-captioned case be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. Because the above-captioned case was the third legally frivolous case filed by Plaintiff in the span of a month, the undersigned further recommended that Plaintiff be expressly warned  that if she files additional cases subject to summary dismissal on initial screening, she is likely to be deemed to be a vexatious litigator and may be subjected to sanctions and/or pre-filing restrictions.

Plaintiff has filed objections to the May 1, 2023 R&R. However, on June 20, 2023, Plaintiff filed a new motion seeking "to add more hospitals to this lawsuit." (Doc. 9). Defendant Mercy Hospital has filed a response in opposition to Plaintiff's motion. (Doc. 10). This Supplemental R&R is filed solely to address Plaintiff's new motion; the prior R&R remains unchanged pending further review by the presiding district judge.

Liberally construed as a motion to amend her complaint,[1] Plaintiff's motion should be denied because she fails to include sufficient factual detail from which this Court can discern any conceivable or plausible claim against the newly identified hospitals. The majority of her allegations do not rise above the-defendant-unlawfully-harmed me accusations. Plaintiff includes the greatest number of allegations against "Good Sam," but those allegations also lack factual detail, generally alleging "life long negligence" beginning at Plaintiff's 1989 birth. Only slightly more detailed allegations refer to injuries allegedly suffered during a 2014 c-section, but again, fail to state any claim of constitutional injury by an entity acting under color of state law pursuant to 42 U.S.C. §1983. In addition to the reasons stated in the prior R&R as to why such allegations are insufficient to state any plausible civil rights claim, and as argued by Defendant in opposition to further amendment, the newly proposed claims against Good Sam appear to be time-barred.

Accordingly, **IT IS RECOMMENDED THAT:**

1. The May 1, 2023 R&R should be adopted in full for the reasons previously stated;

2. Plaintiff's motion to add more hospitals (Doc. 9) should be **DENIED** for the reasons stated in the prior R&R and as supplemented herein;

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*;

---

[1]The "motion" appears to seek to add unrelated new claims and defendants but does not include a copy of the proposed amended complaint.

2

4.  Because the above-captioned case constitutes the third case initiated by Plaintiff *in forma pauperis* as to which dismissal with prejudice has been recommended for failure to state a claim under 28 U.S.C. § 1915(e)(2), Plaintiff should be expressly warned that if she files additional cases subject to summary dismissal on initial screening, she is likely to be deemed to be a vexatious litigator and may be subjected to sanctions and/or pre-filing restrictions.

        *s/Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WAKEITHA M. BELL,                                        Case No. 1:23-cv-212

    Plaintiff,                                        McFarland, J.
                                                         Bowman, M.J.

    v.

MERCY HOSPITAL, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4